# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR M. CONTRERAS,<br><br>                Petitioner,<br><br>v.<br><br>R. RACKLEY, Warden,<br><br>                Respondent. | Case No.: 17CV422-AJB(JMA)<br><br>**REPORT & RECOMMENDATION** |

      Petitioner Hector M. Contreras, a state prisoner proceeding pro se, initiated this habeas corpus case pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] His First Amended Petition ("FAP"), filed April 14, 2017, is the operative pleading. [Doc. No. 6.] Respondent has filed a Motion to Dismiss contending Petitioner has not exhausted either of the two habeas claims raised in the FAP. [Doc. No. 11.] Alternatively, Respondent contends these claims do not present a federal question. [*Id.*] The Motion to Dismiss is opposed by Petitioner. [Doc. No. 15.] The Court has reviewed the FAP and the parties' briefs and, for the following reasons, RECOMMENDS the Honorable Anthony J. Battaglia GRANT Respondent's Motion to Dismiss.

/ /

## I. BACKGROUND

Petitioner was convicted on March 4, 1997, in the Superior Court of California, County of San Diego County, for possession of a firearm by a felon (Cal. Pen. Code, §12021(a)(1), reenacted as § 29800(a)(1)). [Lodgment No. 1, p. 5 of 16.] Because of his two strike priors he was sentenced to an indeterminate term of 27 years to life. Seventeen years later he filed a petition for resentencing, pursuant to the Three Strikes Reform Act ("TSRA") (Cal. Pen. Code § 1170.126 et seq.). In the petition for resentencing, Petitioner argued his conviction did not bar him from relief under the TSRA because he was convicted of possessing a firearm, whereas the TSRA disqualifies an inmate from recall only if he was "armed with" or "used" a firearm in committing the offense. [Lodgment No. 2, Appendix 3, p. 14 of 22.] That petition was denied on October 4, 2014. [Lodgment No. 1, p. 5 of 16.] In doing so, the trial court found that Petitioner had "ready access" to the weapon and, therefore, was armed with a firearm at the time of the offense and was not eligible for relief under Cal. Pen. Code § 1170.126. [Lodgment No. 2, Appendix 3, p. 14 of 22.]

Petitioner appealed, arguing that the trial court's denial of his petition for re-sentencing was not supported by the evidence. [Lodgment No. 1.] On November 10, 2015, the California Court of Appeal, Fourth Appellate District, Division One, affirmed the judgment, finding substantial evidence to support the trial court's conclusion that Petitioner was "armed" at the time of the offense. [Lodgment No. 2, Appendix 3, pp. 12-20 of 22.] Specifically, the Court of Appeal found Petitioner had "ready access" to the firearm he possessed and was, therefore, statutorily ineligible for re-sentencing. [*Id*.] On December 22, 2015, Petitioner filed a Petition for Review in the California Supreme Court, raising the same claim rejected by the Court of Appeal. [Lodgment No. 2.] The California Supreme Court denied that Petition on January 27, 2016. [Lodgment No. 3.]

//

Thereafter, Petitioner initiated this case. In the FAP, Petitioner raises two claims, namely that his due process rights and his equal protection rights were violated by the erroneous finding that that he was "armed" within the meaning of Cal. Pen. Code § 1170.126 and, therefore, was ineligible for relief.

## II. DISCUSSION

Respondent now moves to dismiss the FAP, arguing the claims are unexhausted and the FAP fails to state a federal Constitutional claim. [Doc. No. 11.]

### A. Petitioner's Claims are Unexhausted.

A state prisoner's federal habeas petition may not be granted if state remedies are unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement a petitioner must first provide the state courts with a "'fair opportunity' to apply controlling legal principles to the facts bearing on his [or her] constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). "A petitioner has satisfied the exhaustion requirement if he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it...." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A claim is fairly presented if it is presented in the federal habeas petition in a manner that is the "substantial equivalent" of how it was presented in the state courts. *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Schiers v. California*, 333 F.2d 173, 174 (9th Cir. 1964). "The state courts have been given sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's *factual* and *legal* basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (emphasis added); *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (legal basis); and *Correll v. Stewart*, 137 F.3d 1404, 1411-12 (9th Cir. 1998) (factual basis).

//

The petitioner must reference specific provisions of the federal constitution or statutes or cite to federal case law. *See Lyons v. Crawford*, 232 F.3d 666, 668, 670 (9th Cir. 2000) as modified by 247 F.3d 904 (9th Cir. 2001)). A petitioner must "alert the state courts to the fact that he [is] asserting a claim under the U.S. Constitution." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) A "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Id.*

In his Petition for Review to the Supreme Court, Petitioner presented one argument – that he lacked the requisite general intent, as defined by Cal. Crim. Jury Instruction 205, for the armed allegation because he did not act intentionally or on purpose. [Lodgment No. 2, pp. 5-10 of 22.] The firearm in question was discovered after Petitioner was pulled over for a traffic violation. [Lodgment No. 1, p. 6 of 16.] It was discovered that he was driving on a suspended driver's license. [*Id.*] Alex Gutierrez was in the front passenger seat and Jesus Padilla was in the left rear seat. [*Id.*] The rear and middle rear seats were taken up by a large speaker enclosure that extended a few inches past the front edge of the seat and encroached on the left rear seat. [*Id.* at p. 7 of 16.] The firearm, a sawed off shotgun, was located on the floor of the rear seat. [*Id.*] It was not loaded and no ammunition was found, either in the car or on Petitioner. [*Id.*] Petitioner argued to the Supreme Court that the Court of Appeal erroneously determined Petitioner had "ready access" to the firearm because he needed "only to reach down into the floorboard well from his driver's seat" or to transfer to the rear seat. [Lodgment No. 2, p. 8 of 22.] Neither action was possible, Petitioner argued, given the configuration of the vehicle and speaker system and the presence of the other occupants. [*Id.*] He contended he should, therefore, have not been found to be ineligible for resentencing under the TSRA.

Here, Plaintiff presents two claims, citing due process and equal protection violations. [Doc. No. 6.] Both claims are predicated on his argument that the

4

17CV422-AJB(JMA)

1 record does not support a finding Petitioner was "armed" because the weapon
2 was not loaded and there was no ammunition present. [*Id.* at pp. 6-7 of 25.]
3 Neither of these claims are the "substantial equivalent" of the claim Petitioner
4 presented to the California Supreme Court, which was based solely on California
5 law and relied on a different factual theory as to why the "armed" element was
6 not satisfied by the facts of Petitioner's case. Consequently, the claims made by
7 Petitioner in this case are unexhausted.

**B. Petitioner's Claims Do not State a Federal Constitutional Claim**

A federal habeas corpus petition must allege a deprivation of federal rights to present a cognizable claim pursuant to § 2254. 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68. Absent a constitutional violation, a federal court may not challenge a state court's interpretation of its laws or rules. *Id.*, 502 U.S. at 68; *see also Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). Federal courts are only concerned with errors of state law if they rise to the level of a constitutional violation. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Therefore, "a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle*, 502 U.S. at 67-68.

Although Petitioner has filed his claims under 28 U.S.C. § 2254, his argument as to both claims is that the state courts incorrectly interpreted and applied California law, which he now contends was a due process and equal protection violation. A state law issue, however, cannot be transformed into a federal question simply by alleging the denial of a federal right. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). As such, the claims presented in the FAP are not cognizable under federal habeas law.

### III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** District Judge Battaglia **GRANT** Respondent's Motion to Dismiss; The undersigned submits this Report and Recommendation to District Judge Battaglia pursuant to 28 U.S.C. § 636(b)(1).

IT IS ORDERED that no later than **February 16, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **February 23, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

Dated: February 1, 2018

Honorable Jan M. Adler
United States Magistrate Judge