# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hector M. Contreras,<br><br>                       Plaintiff,<br><br>v.<br><br>R. Rackley, Warden,<br><br>                      Respondent. | Case No.: 17-cv-0422-AJB-JMA<br><br>**ORDER ON RESPONDENT'S MOTION TO DISMISS AND REPORT AND RECOMMENDATION**<br><br>**(Doc. Nos. 11, 16)** |

Before the Court is Magistrate Judge Adler's report and recommendation ("R&R") on Rackley's motion to dismiss. (Doc. Nos. 11, 16.) The R&R recommends this Court grant Rackley's dismissal motion because Contreras's claims are unexhausted and fail to raise a federal claim. (Doc. No. 16 at 3.) For the reasons discussed herein, the Court **ADOPTS** the R&R's holding, **GRANTS** the motion to dismiss, and **DISMISSES** Contreras's habeas petition.

## I. BACKGROUND

Contreras was convicted in 1997 in San Diego Superior Court for possession of a firearm by a felon. Because he already had two prior strikes, Contreras was sentenced to 27 years to life. Later, after the Three Strikes Reform Act was passed, he filed a petition for resentencing arguing he was eligible for relief under the Act because the TSRA only disqualified inmates if they were "armed with" or "used" a firearm in committing the

offense. The trial court denied his petition for rehearing finding he had "ready access" to the weapon and thus was ineligible for relief under TSRA. Contreras appealed, arguing the finding was not supported by evidence. The Fourth District Court of Appeal and the California Supreme Court denied his appeals.

## II. LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

## III. DISCUSSION

Contreras objects to the R&R, arguing (1) he exhausted his claims, and (2) he raises a federal constitutional issue. (Doc. No. 18 at 2–4.)

### A. Petitioner's Claims are Unexhausted

The R&R states Contreras's habeas petition is unexhausted because the claims he raises were never presented to the California Supreme Court. (Doc. No. 16 at 4–5.) In his petition for review submitted to the California Supreme Court, Contreras argued the evidence did not support the Court's finding that he was armed. (*See generally* Doc. Nos. 11-4; 11-5.) Rackley notes Contreras only cited California law in his petitions. In his pending habeas petition, Contreras now argues due process and equal protections violations. (Doc. No. 6 at 6–7.) The R&R finds that because Contreras did not present these two issues to the state Supreme Court, they are unexhausted.

In order to exhaust state court remedies, the federal contention must have been "fairly presented" to the state's highest court, which in turn must have disposed of the claim on the merits. *Anderson v. Harless*, 459 U. S. 4, 6, 8 (1982); *Roettgen v. Copeland*, 33 F.3d 36, 38 39 (9th Cir. 1994). "Fair presentation requires that a state's highest court has 'a fair

2

17-cv-0422-AJB-JMA

opportunity to consider . . . and to correct [the] asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)).

Contreras objects, arguing his state appellate briefs "both indicate that this issue [whether or not he was armed] was indeed brought up in the state court." The R&R notes, however, that the federal issues raised in his habeas petition are not a "substantial equivalent" of the claim he presented to the California Supreme Court. His briefing to the state Supreme Court never mentioned federal law on due process or equal protection, and thus never gave California the opportunity to consider the facts of his case through the federal question lens.

The Court agrees with the R&R's recommendation and finds Contreras never presented the due process or equal protection violations arguments to the California Supreme Court. Thus, his claims are unexhausted.

**B. Petitioner Does Not Raise a Federal Constitutional Issue**

Next, the R&R states that Contreras's petition fails to raise a federal claim because his argument centers on the state courts' misapplication of California law. (Doc. No. 16 at 5.) The R&R states, "his argument as to both claims is that the state courts incorrectly interpreted and applied California law, which he now contends was a due process and equal protection violation." (*Id.*) The R&R is correct that "[a] state law issue, however, cannot be transformed into a federal question simply by alleging the denial of a federal right." (*Id.* citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).)

In his objection, Contreras argues the state "deliberately misappl[ied] state law in an effort to deny him due process and relief he is entitled to." (Doc. No. 18 at 3.) He goes on to state that due process means "states must abide by the plain language of the laws," arguing here that he was not armed under California law. (*Id.*) He argues he "was denied due process of law and equal protection by the erroneous departure from the plain language of the statute as well as the attempt by the state to alter the meaning of armed and possession as used in the case at bar." (*Id.* at 3–4.)

3

Indeed, in his first ground for relief Contreras claims the state court "committed reversible error by finding that petitioner was ineligible for resentencing pursuant to P.C. 1170.126 (Prop 36) for his felon in possession of a firearm charge." (Doc. No. 6 at 6.) In his second ground for relief, he argues his equal protection rights were violated "by a finding that he was 'armed' within the meaning of P.C. 1170.126 when the record of conviction does not support such a finding." (*Id.* at 7.) In both cases, the Court agrees with the R&R that Contreras failed to raise a federal constitutional claim. "Merely adding the phrase 'due process' [and equal protection] to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims." *Langford*, 110 F.3d at 1389.

## IV. CONCLUSION

Thus, the Court finds Contreras's claims are unexhausted and fail to raise federal issues. The Court **ADOPTS** the R&R, (Doc. No. 16), **GRANTS** Rackley's dismissal motion, (Doc. No. 11), and **DISMISSES** Contreras's habeas petition.

**IT IS SO ORDERED.**

Dated: March 9, 2018

Hon. Anthony J. Battaglia
United States District Judge